# Hughes's Estate.

*Executors and administrators—Practice, O. C.—Review.*

Where, after an auditor's report on an administrator's account has been confirmed, the administrator, before distribution, secures an order from the orphans' court referring the report back to the auditor to review a certain item alleged to be erroneous, the power of the auditor will be limited to review the item referred to in the order. If, however, the auditor goes into other matters, and the administrator introduces evidence as to such other matters, the court will not strike off items of surcharge by the auditor without examining the evidence upon which the several items of surcharge were based.

*Executors and administrators—Accounts—Surcharge.*

Where an administrator sells real estate, and deposits the purchase money in bank, and charges himself in his account with the amount thereof, and it appears that the administrator drew out the money upon a check payable to his own order, he cannot be charged a second time with the amount, merely because he does not satisfactorily explain the purpose for which he drew the money out.

*Executors and administrators—Accounts—Surcharge—Advancement of money by administrator.*

Where an administrator in the lifetime of the decedent operated a mill for the latter as her agent and advanced money borrowed from his wife, to operate the mill, and prior to the death of decedent, goods were furnished to the administrator on account of the moneys which had been ad-

534, (1902).]        Syllabus—Opinion of the Court.

vanced by him, the administrator cannot be surcharged in his account as administrator with the value of the goods thus furnished.

Argued Nov. 20, 1901.   Appeal, No. 98, Oct. T., 1901, by Milton E. Conrad, Administrator, from decree of O. C. Chester County, dismissing exceptions to auditor's report in the estate of Elizabeth G. Hughes, Deceased.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER. JJ.   Reversed.

Exceptions to report of John B. Kinnard, Esq., auditor.
The opinion of the Superior Court states the case.

*Errors assigned* were in dismissing exceptions to auditor's report.

*George B. Johnson*, for appellant.—The auditor executed his power: Benson's App., 48 Pa. 161; Wither's App., 16 Pa. 151; Donnelly's Est., 3 Phila. 18; Benson's App., 48 Pa. 159.

*John J. Gheen*, of *Cornwall, Gheen & Cornwall*, for appellee.—The report of an auditor upon the facts will not be set aside except for plain mistake affirmatively established or apparent upon its face: Stehman's Appeal, 5 Pa. 413; Miller's Appeal, 30 Pa. 478; Yohe's Appeal, 55 Pa. 121; Brua's Appeal, 55 Pa. 294; Gilbert v. Grime, 1 W. N. C. 306; Coulston's Estate., 161 Pa. 151; Strauss's Est., 168 Pa. 561; Hottenstein's App., 2 Grant, 301; Harris's App., 2 Grant, 304; Ake's App., 21 Pa. 320; Harding's Est., 24 Pa. 189; Gibson's App., 25 Pa. 191; Burrough's Appeal, 26 Pa. 264; Whiteside's Appeal, 23 Pa. 114; Bull's Appeal, 24 Pa. 286; Mellon's Appeal, 32 Pa. 121; Robinett's Appeal, 36 Pa. 174.

OPINION BY W. D. PORTER, J., March 14, 1902:

The account of the administrator and the report of an auditor distributing the funds in his hands had been confirmed by the court.   In the account the administrator had received credit for $573.24 as having been paid to the National Bank of Avondale, which amount it subsequently appeared had not been actually paid to the bank.   The bank presented to the court a petition and obtained a rule on the administrator to show cause

why he should not pay this sum to the bank, or to the other creditors of the estate pro rata. The administrator filed an answer, in which he stated that an error had inadvertently occurred in stating the account and that he was not entitled to credit for the item referred to: "that said error could only be corrected by a review of said item of the account; that the balance in his hands had not been distributed in accordance with the auditor's report, owing to the discovery of said error, and prayed the court to order the review of said item of the account and to annul the decree of confirmation of the auditor's report on distribution of said estate, and refer the same back to the auditor for review of said item of the account and correction of the schedule of distribution in accordance therewith." The court then made this order: "Said rule and answer, together with the item of the administrator's account referred to therein, with the auditor's report on distribution in said estate, are referred back to John B. Kinnard, as auditor, for further report, and the previous decree amending said account and report are set aside pending the further report of the said auditor." The scope of the authority of the auditor to inquire into the account of the administrator and ascertain the balance due from him to the estate was limited by the terms of the order under which he acted. His power to review the account was limited to the item to which the rule and answer referred. There was no dispute as to the item in question, it was to be stricken from the credit side of the account of the administrator, and the effect would be to increase by that amount the balance due from the accountant to the estate. The whole matter of distributing the balance as thus ascertained was thrown open and the auditor was to make a new distribution. The inquiry before the auditor ought to have been confined within these lines: Donnelly's Estate, 3 Philadelphia, 18; Wither's Appeal, 16 Pa. 151; Benson's Appeal, 48 Pa. 159. Had not the action of the appellant in introducing evidence, including his bankbook, by which he attempted to show that the estate was indebted to him for conducting the business of a certain mill, led to the opening up of the whole controversy, we would have been inclined to strike from the account all the items of surcharge by the auditor, as not warranted by the decree of court under which he acted. The course pursued by the accountant,

however, has led us to examine the evidence upon which the several items of surcharge are based.

There was no evidence whatever to sustain the first item of surcharge : " To proceeds check, M. E. Conrad, administrator, to M. E. Conrad $500.00." The administrator had opened an account in the name of " M. E. Conrad, administrator," with the National Bank of Avondale. He had sold certain lands belonging to the estate and had deposited a part of the purchase money in this bank. The accountant was charged in his account in the court below with the whole amount of the purchase money for that real estate, so that he was in that item of the account charged with the very money which he had deposited in the bank to the credit of his account as administrator. The money in the bank was the property of the estate, it is true, but it was the property of the accountant for the purpose of discharging his liability to the estate. When the administrator gave a check upon this account in discharge of a claim against the estate which was legally payable out of this fund he was entitled to credit in his administration account for the amount of that check. If the administrator mistakenly gave a check to pay a claim against the estate which was not payable out of this fund, or if he checked out the money and used it for his own purposes, he would not be entitled to credit in the settlement of the account of his trust. He would still be liable to the estate for the whole amount of the money which he had received for it. A check for a claim legally payable out of the money would have entitled the administrator to credit for the amount so paid, any other check left the accountant liable to the estate in precisely the same amount that he was before the check was made. The only evidence before the auditor relating to this check established that the appellant had drawn money out of his account as administrator upon a check payable to his own order. The learned auditor was of opinion that because the administrator had failed to satisfactorily account for the use which he made of this money he ought to be surcharged with the whole amount of the check. In other words, the administrator having been charged with the whole amount of the money which he received from the purchaser of the real estate, and having deposited that money in the bank, he must be charged a second time with the whole amount of it

if he draws it out of the bank without satisfactorily explaining the purpose for which he so drew it out. If this position is sound, then if the administrator had deposited in the bank the whole amount of the $5,500 which he received for the real estate and then checked it out again he would be charged with the whole amount a second time, unless he satisfactorily explained what he had done with the money. Thus, although the estate was only worth $5,500, the administrator would have to account for $11,000. This is a system of book-keeping which has not yet received the approval of the law. If this administrator took out of the bank the moneys of the estate and used it for his own purposes he would be chargeable with interest, or if he made a profit from the use he could be made to account for that profit, but the mere taking of the money out of the bank did not of itself result in the doubling of his liability to the estate. The fourth specification of error is sustained.

The second item of surcharge, viz, " To amount of bill, Milton E. Conrad, $102.99," cannot be sustained. The decedent was the owner of a mill which, on April 1, 1897, was without a tenant, and she entered into an arrangement with Milton E. Conrad to operate the mill for her, under the style of " M. E. Conrad, agent." The decedent being without funds to stock the mill entered into an arrangement, under the terms of which Amie A. Conrad, wife of Milton E. Conrad, raised the sum of $500 by a mortgage upon the property of said Amie, which sum she loaned to the decedent, and it was deposited in the bank in the name of Milton E. Conrad, agent. Milton E. Conrad operated the mill, paying out the necessary moneys and receiving the income resulting from such operation, until the death of Mrs. Hughes in December, 1897. The books of the mill showed that goods to the amount of $102.99 had been furnished to Milton E. Conrad while he had charge of the mill as agent. The evidence was that these goods had been furnished upon account of the money which had been advanced by Amie A. Conrad, and in the claim which was presented upon her behalf this sum was admitted to be a proper credit, leaving the balance due her, $397.01. There was no evidence whatever to controvert this and the account ought to have been stated in that manner.

The fifth specification of error is sustained.

The third item of surcharge, "To amount of various claims collected and balance, $91.56," has some foundation. The appellant in his testimony admitted that he received the sums of which this item is made up, and it can work him no injury to account for them now instead of putting him to the trouble and the estate to the expense of filing another account. While not strictly within the scope of the order under which the auditor was appointed, the parties went into a full hearing touching these matters without objection upon the part of the accountant, and we are convinced that this item of surcharge ought to be sustained. The remaining item of surcharge, "Balance due Elizabeth G. Hughes from National Bank of Avondale, $16.27," stands upon the same footing. This amount is in the bank and it is only necessary for the accountant to draw it out and distribute it in the manner to be determined by the court in order that the estate may be finally settled. The remaining assignments of error are dismissed.

The surcharge for the amount of a check, viz : $500, and the amount of the bill for goods furnished from the mill during the lifetime of the decedent, viz : $102.99, must be stricken from the account. The amount upon which Amie A. Conrad is entitled to a dividend must be reduced from $500 to $397.01. The balance in the hands of the accountant being ascertained upon this basis is to be distributed to those thereto entitled.

The decree is reversed and the record is remitted to the court below with direction to restate the account and distribute the balance in accordance with the foregoing opinion, the costs to be paid out of the fund.