## Hoopes *against* Brinton.

Executors are not chargeable with interest on funds in their hands during the pendency of their account in the Orphans' Court, on exceptions to the report of auditors.

ERROR to the common pleas of *York* county.

James Hoopes and Wife against Jesse Brinton and Mills Hays, executors of John Brinton, deceased. Special verdict, to determine the amount of interest with which the defendants were chargeable upon the settlement of their administration account of the estate of John Brinton, deceased. The only material facts were, that the defendants, on the 5th of March, 1836, settled their account; on the 13th of April 1836, it was excepted to by the plaintiffs: on the 1st of August 1836, it was referred to auditors, who, on the 5th of April 1837, reported a balance against the accountants of 911 dollars 32 cents, besides eight dollars and seventy-five cents costs, which they adjudged the accountants to pay: on the 13th of May 1837, the plaintiffs excepted to the report of the auditors; and on the 19th of February 1838, the report was confirmed by the court: on the 31st of March 1838, the plaintiffs appealed to the supreme court, and on the 7th of July 1838, the decree of the orphans' court was affirmed.

The court below rendered judgment for the plaintiff for the one-seventh part of 911 dollars 32 cents, with interest from the 5th of April 1837, when the report of auditors was filed.

VIII.—G*

[Hoopes v. Brinton.]

*Fisher*, for plaintiff in error.

*Mayer*, for defendant in error.

PER CURIAM.—The fund did not bear interest in the hands of the accountant during the pendency of the report in the orphans' court on exceptions, because it could not be paid over before final confirmation, or consequently be said to have been vexatiously detained. Besides, the case is, in other respects, like the verdict of a jury during the pendency of a motion for a new trial, on which, if the motion be denied, there is judgment for the principal and interest previously found without regard to the intervening time. Interest ought therefore to have been decreed from the final confirmation.

Decree reversed as regards interest from 5th of April 1837, and interest decreed from 19th of February 1838; and affirmed for the residue.