## Guarantee Trust & Safe Deposit Company's Appeal.

---

### William G. Mintzer's Estate.

A trustee who has been inadvertently appointed by the orphans' court, and has been removed at the instance of a *cestui que trust,* is not entitled to a commission on the corpus of the estate.

(Argued March 25, 1887. Decided April 4, 1887.)

July Term, 1886, No. 195, E. D., before MERCUR, Ch. J., GORDON, PAXSON, TRUNKEY, GREEN, and CLARK, JJ. Appeal from a decree of the Orphans' Court of Philadelphia County confirming an adjudication. Affirmed.

The decree from which this appeal was taken was the same as that reviewed in Dougherty's Appeal, *ante,* 69 ——, where the facts are stated, and the opinion of the court below is given in full.

The assignments of error specified the action of the court,— in decreeing that the allowance of $600 as compensation to the appellant, made by the auditing judge for the care, management,

---

NOTE.—The same ruling was made as to the allowance of counsel fees expended in trying to maintain his position as trustee. Dougherty's Appeal, *ante,* 69.

and responsibility of an estate of $44,216 be overruled; in refusing to the appellant an allowance of $200 out of the trust estate to pay its counsel therein; and in not sustaining the adjudication.

*D. Webster Dougherty,* for appellant.—The ground of the decision was that commission out of corpus is only allowed, if at all, upon the exhibition of some extraordinary service or upon the final settlement of the estate.    But where the income is either insufficient or where the services are to those in remainder as well as those interested for life, commissions will be payable out of the corpus.   McElhenny's Appeal, 46 Pa. 347; Twaddell's Appeal, 1 W. N. C. 227; Biddle's Appeal, 83 Pa. 340, 24 Am. Rep. 183.

By the act of June 16, 1836, this court is required in appeals from the orphans' court to determine not the error but the merits of the case.   Finney's Appeal, 37 Pa. 323.

It has been found by the auditing judge that the appellant, as trustee, rendered certain services to the estate; and it has been determined that the value of its service for which it has not been compensated is $600.    The court may believe the court below right in the distinction asserted between commissions payable out of income and those out of the corpus, but that does not touch or determine the merit of the appellant's claim.   The decisions of the court have uniformly recognized the right of a trustee to compensation for services rendered to the trust estate.   Montgomery's Appeal, 86 Pa. 234; Myers's Appeal, 62 Pa. 104; Duval's Appeal, 38 Pa. 119; Heckert's Appeal, 24 Pa. 486; Perkins's Appeal, 108 Pa. 317, 56 Am. Rep. 208; Biddle's Appeal, 83 Pa. 344, 24 Am. Rep. 183.

The appellant was a faithful, efficient, and capable trustee, and was removed merely because of a technical irregularity in its appointment, at the instance of a *cestui que trust.*   Such being the case it should receive full compensation for its services.

*John A. Scanlan,* for appellees.—A commission on income is the suitable and proper mode of compensating trustees, and a commission or compensation upon the principal of an estate is never allowed except upon distribution of the corpus among the remainder-men at the determination of the trust itself.

An allowance of a reasonable commission on net income from

real and personal property, income received and accounted for, appears to be a suitable and proper mode of compensating trustees for the execution of their trusts. Whether any allowance shall be made in addition to a reasonable commission for extra services at the determination of the trust and settlement of the account must depend on the circumstances of each case as they may exist.

Commissions are not allowed on reinvestment of capital. Dixon v. Homer, 2 Met. 422.

Compensation must come out of income. Butterbaugh's Appeal, 39 Phila. Leg. Int. 180; Hemphill's Appeal, 18 Pa. 303; Spangler's Estate, 21 Pa. 335.

The exceptions are where such commission on income is wholly inadequate to compensate for the care, trouble, and management of the trust. Biddle's Appeal, 83 Pa. 340, 24 Am. Rep. 183.

In Pedrick's Estate, 5 Phila. 478, but $90 additional was allowed.

In Barclay's Appeal, 42 Phila. Leg. Int. 48, a trustee was allowed $800 for four years' advice and diligent services and attending, *inter alia,* to sales of land, etc.

In Twaddell's Appeal, 81* Pa. 221, the testator died in 1844. In 1872 the remainder-men petitioned for an order directing executor to convey to them. He had charge of the land for twenty-eight years. He had a power of sale and could have sold it for $100,000, but did not and its value increased to $300,000. He was allowed $1,000.

If so much was requisite to be done by the trustees in the cases cited, and so great a responsibility taken to insure those comparatively small allowances, the late trustee in this case has no right to a departure from the uniform rule that allows commissions on the income alone. Montgomery's Appeal, 35 Phila. Leg. Int. 242; Beck's Estate, 35 Phila. Leg. Int. 154.

The law is the same whether the estate be personal or real estate. Nicklin's Estate, 33 Phila. Leg. Int. 1876, p. 140.

In Wright v. Wright, 2 McCord Eq. 192, it is held that the time when a trustee is to be accredited with commissions or compensation on the capital of the estate is when he pays it over to the party entitled to it in remainder.

Commissions are only allowed to fiduciaries upon the final settlement of their accounts (Sprott v. Baldwin, 34 Miss. 329; Effinger v. Richards, 35 Miss. 541); and a decree for distribu-

tion is such final settlement of the accounts as entitles an executor to receive his compensation. Crowder v. Shackelford, 35 Miss. 322.

A removed executor is not allowed compensation on the corpus. Montgomery's Appeal, 35 Phila. Leg. Int. 242.

And even where an executor in trust, who had no legacy, in a case in which the execution of the office was likely to be attended with trouble, at first declined, but afterwards agreed with the residuary legatee, in consideration of 100 guineas, to act in the executorship, and on his dying before the execution of the trust was completed, his executors filed a bill to be allowed that sum out of the trust money in their hands, the court refused the claim, observing that, independently of the executor having died before the trust was executed, such bargain ought to be discouraged, as tending to dissipate the property. 3 Wms. Exrs. 6th Am. ed. 1965.

So in order to save an estate from double commissions by reason of frequent changes of trustees, it was held in *Re* Jones, 4 Sandf. Ch. 616, upon English authority, that a trustee's petition for his discharge upon no other cause assigned than his wish to be relieved from his duties would only be granted by his paying the costs of the petition and appointment of his successor and by being allowed no commission upon the capital of the estate; and see Foley v. Egan, 13 Abb. Pr. N. S. 361, *note;* and 2 Lead. Cas. in Eq. (White & T.) 544.

PER CURIAM :

The reasons stated and authorities cited in the opinion of the court, in disposing of the exceptions to the finding of the auditing judge, fully sustain this decree.

Decree affirmed and appeal dismissed, at the costs of the appellant.