# Appeal of David M. Wilson.

Where an executor has been surcharged in the orphans' court and taken an appeal to the supreme court, which has reduced the amount of the surcharge but still found a large balance against him, and he has made no proper tender of this balance to the legatees, he is liable for interest on the balance from the date of the decree of the orphans' court to the date of the decision of the supreme court.

(Argued October 31, 1887.   Decided November 11, 1887.)

October Term, 1887, No. 149, W. D., before Gordon, Ch. J., Paxson, Sterrett, Green, and Williams, JJ.   Appeal of David M. Wilson from a decree of the Orphans' Court of Allegheny County ordering him to pay interest on certain sums in his hands as executor.   Affirmed.

On September 5, 1885, the orphans' court surcharged David M. Wilson, surviving executor of the will of William Noble, deceased, on the audit of his account in the sum of $22,448.95. Exceptions filed by Wilson were dismissed on January 6, 1886. During February negotiations looking to a compromise were begun but failed, and October 2, 1886, Wilson took an appeal to the supreme court, and the decree of the orphans' court was reversed and the surcharge was reduced by the sum of $15,991.65, which was ordered to be stricken out of the decree.

On March 16, 1887, Jas. H. Irwin, assignee of the distributive share of C. F. Noble, one of the legatees under the will of the decedent, presented his petition for a venditioni exponas against Wilson.   Wilson filed an answer alleging that after the decision of the supreme court he had tendered the amount due to the legatee, but that it had been refused.   Irwin then filed a replication setting forth that the sum tendered was for the amount due on the face of the decree and did not include interest for the period between the final decree in the orphans' court on January 6, 1886, and the decision of the supreme court on April 13, 1887, and that the tender was accompanied

with a condition that satisfaction should be entered on the record in full.

After argument the court entered the following decree: "And now, to wit, May 4, 1887, this matter came on to be heard upon petition, citation, and answer, and testimony was taken; and upon consideration thereof it is ordered, adjudged, and decreed that said D. M. Wilson pay interest on amount decreed to C. F. Noble for use of Jas. H. Irwin, viz.: $2,320.34, from January 6, 1886, to April 13, 1887, viz.: $176.34; and in default of payment within twenty days, that a venditioni exponas issue for the collection thereof, as prayed for."

The assignment of error specified the decree of the court as above.

*Hays & Noble,* for appellant.—A guardian is not liable for interest on balance of his accounts while exceptions are pending in the orphans' court, and on appeal, the balance having been reduced by the decree in the appellate court. Dietterich v. Heft, 5 Pa. 87; Hoopes v. Brinton, 8 Watts, 73; Bitzer v. Hahn, 14 Serg. & R. 238; McElhenny's Appeal, 46 Pa. 348; Wither's Appeal, 16 Pa. 151; Kelsey v. Murphy, 30 Pa. 341.

It is further contended that the delay in the settlement of the account was occasioned by the distributee himself, who wrongfully demanded a greater sum than he was entitled to; and under the decision in Yoder's Appeal, 45 Pa. 398, THOMPSON, J., says: "We think the delay in getting their money was the act of the heirs; and as it was uncertain when they might not relinquish their litigation and call for their money, we do not see any reason in this case for charging the trustee with interest while the exceptions were thus pending because he did not invest it."

As far as the question of a tender has any bearing on the case at bar, the evidence shows that the appellant is entitled to the benefit of the equitable doctrine contained in the following decisions: Where both parties to a suit appeal from a decree of the district court awarding to the libelant a sum of money for salvage, and the decree is sustained unchanged in the appellate court, the libelant is not entitled to interest on the sum awarded from the date of the decree in the district court. The Rebecca Clyde, 12 Blatchf. 403, Fed. Cas. No. 11,622.

Interest cannot continue to run after an offer to pay upon a

reasonable condition, which the party to receive it refuses. Dent v. Dunn, 3 Campb. 296.

Heywood v. Hartshorn, 55 N. H. 476, is a case where a trustee who had not made strict legal tender, but offered to pay, was held not liable for interest.

The case of Wilson's Appeal, out of which the present controversy arose, is reported in 115 Pa. 95, 9 Atl. 473.

*George W. Guthrie* and *Kennedy T. Friend,* for appellees.— The court below decided this case upon the authority of Wither's Appeal, 16 Pa. 151, and Bruner's Appeal, 57 Pa. 46, and they entirely sustain the decision.

If the case of Dietterich v. Heft, 5 Pa. 87, on which appellant relies, is in conflict with these two later cases, it must be held to be overruled.

In Rodenbach's Appeal, 13 W. N. C. 288, this court decided that an administrator could not relieve himself from interest on an indebtedness to the estate simply by charging himself with it in his accounts without actual payment of the money into the estate. In this case the appellant asks to be relieved from interest on his indebtedness, not only without evidence of its payment, but in face of the fact that he has persistently denied all liability for it, and that the evidence shows that he never paid the money into the estate.

PER CURIAM:

We think there is a clear distinction between the case in hand and that of Dietterich v. Heft, 5 Pa. 87. In the latter it was held, on the authority of Hoopes v. Brinton, 8 Watts, 73, that a guardian was not chargeable with interest during the time exceptions to his account filed by his ward were pending in the orphans' court.

In the pending controversy, however, the appeal was taken by the accountant, and although he succeeded in reducing the surcharge there was a large balance found against him, and this balance he neither tendered to, nor offered to distribute among, those to whom it belonged. We are, therefore, of the opinion that the appellant was properly charged with interest.

The appeal is dismissed and the decree affirmed, at the costs of appellant.