## Estate of Victoria S. Murray, Deceased.

Argued April 24, 1931.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*Ralph L. Smith,* for appellant, cited: Weiser's Estate, 20 Pa. Dist. Rep. 454; Lloyd's Estate, 23 Pa. C. C. 267; Wainwright's Estate, 27 Pa. Dist. Rep. 955.

*Thomas E. Shaw* of *Reed, Smith, Shaw & McClay,* for appellees, cited: Harrison's Estate, 217 Pa. 207.

OPINION BY KELLER, J., July 8, 1931:

The court below sustained an exception to an account filed by the executrix of a deceased trustee, and surcharged the accountant with $191.86, credit taken for accountant's commissions on the corpus,—2% on $9,593. The court based its action on the ground that in the absence of exceptional circumstances justifying a departure from the general rule,—which, it was said, were not here present—, commissions upon the corpus of a trust estate are not allowable except when the trust is terminated and the fund is in the course of distribution. The court below rested its decision largely on the cases of Riter's Est., 260 Pa. 168 and Penn-Gaskell's Est., No. 1, 208 Pa. 342, which stated the rule in substantially the above form. But it has been frequently said by our Supreme Court, that general expressions in every opinion are to be taken in connection with the case in which those expressions are used, (Kates' Est., 282 Pa. 417, 424; O'Malley v. O'Malley, 272 Pa. 528, 536) and both of the cases above cited and relied on by the court below were concerned with attempts by a living trustee to charge commissions on the corpus of the trust fund before the trust terminated, and while he still maintained his relation to it as trustee; hence there was no reason for adverting to the other ground recognized by the Supreme Court in other decisions as warranting the payment of commissions on the corpus before the termination of the trust, viz., where the relation of the trustee to the trust has ended, through no fault or dereliction of his own.

The Supreme Court has, in exceptional circumstances, where the corpus of the estate has been largely increased through the efforts of the trustee, allowed

the trustee a commission on the corpus, although the trust was not terminated nor the trustee's relation to it ended, (Thouron's Est., 182 Pa. 126) and in doing so stated the rule relied on to be, "that commissions cannot be allowed on the principal of a trust until termination of the trust *or of the trustee's relation to it*" (pp. 129, 130); and as Thouron's Est., supra, was cited with approval in both Riter's Est., and Penn-Gaskell's Est., we must conclude that the later cases did not mean to depart from the rule as laid down in Thouron's Est., but only restricted its application to the facts involved in those cases; and besides, in Penn-Gaskell's Est. (p. 344), Mr. Justice FELL speaking for the court said: "The duty of a trustee is to preserve the estate, and *that duty is not fully performed until* the time for distribution is reached or *the trustee's relation to the trust ends.*" In Bosler's Est., 161 Pa. 457, Dean Trickett, in an auditor's report approved and adopted by the Supreme Court, said: "For services rendered by way of collecting and paying over the income, the compensation is a fit charge upon the income and is properly deducted from it. But the labor, care and responsibility pertaining to the conservation of the capital itself are properly a charge on it, and are to be deducted from it when the trust expires, *or the particular trustee's relation to it ends*" (p. 462). Under these cases, when the trustee's duty to the trust estate is fully performed, whether this is accomplished by the distribution of the trust fund or by the termination of the trustee's relation to it, through no fault of his own, he is entitled to compensation for his "labor, care and responsibility pertaining to the conservation of the capital."

The elements to be considered in awarding compensation to a trustee are two: (1) The care, labor and services of the trustee in the performance of the trust;

and (2) the responsibility incurred and involved. In the administration and settlement of a decedent's estate, it was early said by the Supreme Court that while the former element was variable in proportion to the work done, the latter, the responsibility, could be measured by an "unvarying rate per cent without regard to the magnitude of the sum," for "the responsibility increases in proportion to the amount;" and this responsibilty was "reasonably put at two and a half per cent": Stevenson's Est., 4 Wharton 98, 103. This was followed and approved in Lowrie's App., 1 Grant 373, 374; Duval's App., 38 Pa. 112, 119; McElhenny's App., 46 Pa. 347, 349; Sunderland's Est., 203 Pa. 155, 156. And while the responsibilty in connection with a continuing trust estate is not the same as that of an executor or administrator (PENROSE, J., in Mintzer's Estate, — Guarantee T. & S. D. Company's App., 9 Atl. 66; Dougherty's App., 6 Sadler 69, 72—affirming 18 Phila. 97, 43 L. I. 292)—, nevertheless it involves responsibility which is deserving of compensation; and in Lowrie's App., supra, which related to a trust estate, the statement quoted from Stevenson's Est., supra, was applied to "the 'responsibility' in receiving and disbursing trust funds."

We also think that the opinion of Judge ASHMAN in Mintzer's Est., supra, cited by the lower court, must be read in connection with the facts of the particular case, which related to a claim for commissions against the corpus of a trust estate by a corporate trustee, which had been illegally appointed upon the removal of a prior trustee for misconduct, and which had no just title to the office; for the orphans' court of Philadelphia County, only five years after the decision in Mintzer's Est., in an opinion by President Judge HANNA (Makin's Est., 7 Dist. 126, 1892), awarded a retiring trustee, who voluntarily resigned, "reasonable and moderate compensation" out of the corpus of the

estate; and in Wainwright's Est., 27 Dist. 955 (1918), Judge GEST, whose judgment on orphans' court law is deservedly respected everywhere, after stating the rule as first above mentioned, said, "But an exception to this rule obtains where the relationship of the trustee to the trust is terminated by his death;" and allowed one per cent on the corpus as compensation to the deceased trustee's estate. See also the same judge's ruling in Biddle's Est., 24 Dist. 577, 581. A like conclusion was reached by President Judge METZGER of Lycoming County in Lloyd's Est., 23 Pa. C. C. 267, and by President Judge BITTENGER of York County in Weiser's Est., 20 Dist. 454, 457. The latter after commenting on the fact that he found no decision by the higher courts of this Commonwealth holding that the death of a trustee, was such a termination of the trust, or of the trustee's relation to it, as to be within the exceptions recognized in the decisions, warranting a claim for compensation of the deceased trustee out of the corpus of the trust estate in his hands at the time of his death, said: "This may be ascribed to the fact that the correctness of the proposition has so strongly appealed to a sense of justice and common sense that it has not been disputed; and therefore the question has not come before the appellate courts for adjudication."

In Mylin's Est., 32 Pa. Superior Ct. 504, on the insolvency of the City Saving Fund & Trust Co., which had been acting as trustee, a successor had to be appointed and the receiver of the insolvent trust company was surcharged with the commissions on the corpus which the trustee had appropriated out of the estate at the beginning of its administration of the trust; and the company was deprived of all commissions on the corpus, (1) because of its action in depleting the corpus at the outset of the trust and (2) because its relation to the trust estate had terminated

for causes for which it alone, "whether through fault, folly or misfortune, was responsible." But this court in affirming the court below cited with approval the extract from Dean Trickett's report as auditor in Bosler's Est., given above, and quoted an extract from the adjudication of the orphans' court of Lancaster County which said, "It is not the case of a terminated trust, *or the ordinary change of trustees,* but of a forfeited trusteeship."

The learned judge of the court below said that the possibility of the trustee's death "before the termination of the trust was something he could have foreseen before acceptance of the trust." We look at the matter from a wholly different viewpoint, viz., that the possibility of the trustee's death before the termination of the trust was something which those moving for his appointment could have foreseen when they asked for it, and if they preferred the personal attention and interest of an individual trustee rather than have the services of a corporate trustee, not subject to natural death, they will be held to have assumed the risk of his death before the trust terminated and the payment, in such event, of reasonable compensation out of the corpus, proportioned to his "labor, care and responsibility pertaining to the conservation of the capital itself."

The court below did not pass upon the reasonableness of the amount charged, but disallowed all compensation under what we think was a mistaken view of the law. It is not our province to pass upon the reasonableness of such a charge in the first instance. The deceased trustee had the responsibility of handling and conserving for three years an estate of about $9,600 in the course of which he collected and reinvested two mortgages forming part of the trust investments. We are of opinion that for this labor, care and responsibility he was entitled to some com-

pensation payable out of the principal, in addition to the commissions on the income which accrued in connection with his "services rendered by way of collecting and paying over the income." Just what that compensation ought to be, should, in the first instance, be fixed by the court below, not by us. It may be the amount claimed in the account filed by the executrix of the deceased trustee, or less than that. We express no opinion on the subject at this time.

The assignments of error are sustained. The decree is reversed and the record is remitted to the court below for further proceedings in accordance with this opinion. Costs to be paid out of the corpus of the estate.