## Powell's Estate

High, Dettra & Swartz, James Herbert Egan and Walter M. Burkhardt, for accountant.

James Herbert Egan and Walter M. Burkhardt, for grantor.

Henry M. Brownback and Russell J. Brownback, for substituted trustee.

HOLLAND, P. J., September 13, 1932.—Charles S. Powell, as grantor, on November 16, 1926, entered into a voluntary irrevocable agreement of trust with The Merion Title and Trust Company of Ardmore, as trustee, and made and executed a deed thereof bearing date November 16, 1926.

In the first paragraph of the deed of trust the grantor granted, assigned, transferred and set over unto the trustee, its successors and assigns, certain moneys and securities which, together with other securities, were to constitute the principal of the trust. In the second paragraph it is provided that the trustee shall manage and invest the principal of the trust, collect the income and accretions and pay the net income quarterly to the grantor for life, and upon his death pay the entire net income to Mary I. Powell, should he predecease her, for her life. Upon the death of the survivor, either the grantor or his wife, the trustee is directed to pay the income in equal shares to Charles F. Powell, John W. Powell, Isabelle P. Williams and Mary E. Powell, children of the grantor, with further provisions as to their respective shares to take effect upon the death of each of said children.

In the fifth paragraph the trustee is given power to invest the principal in nonlegal securities; and in the sixth paragraph the commission of the trustee is set at 3 percent for income and 2 percent upon the principal to be charged and deducted upon final payment. The seventh paragraph provides that the agreement shall be irrevocable.

On October 28, 1931, the said The Merion Title and Trust Company of Ardmore ceased to perform its corporate functions and the Secretary of Banking of the Commonwealth of Pennsylvania took possession of The Merion Title and Trust Company of Ardmore and filed a certificate to such effect in the office of the prothonotary of the court of common pleas of this county to No. 14, September Term, 1931, certifying, inter alia, to the appointment of J. B. Funston, special deputy as agent; on January 22, 1932, upon petition of the said Charles Powell duly presented, this court appointed The Bryn Mawr Trust Company substituted trustee, and it has duly qualified as such.

Charles S. Powell, the life beneficiary, and all those specifically named in the agreement of trust as having an equitable interest in remainder are still living and of full age.

The account was filed April 2, 1932, showing a balance of principal of the trust amounting to $175,701.66, and a balance of income $475.96, the total balance being embraced in unconverted investment securities set forth on the eighth page of the account, carried at $179,301.33, there being due accountant out of said unconverted investment securities the sum of $3,123.71.

### Exceptions

Exception to the account was filed on April 25, 1932, by Charles S. Powell, the settlor and life beneficiary, in which he was joined by Mary I. Powell, Charles T. Powell, John W. Powell, Isabelle P. Williams and Mary Elizabeth Powell, other life beneficiaries.

The exception is to credit taken for the following item in the account: 1932, March 31, accountant's commission, 2 percent of $179,333.33, $3,586.67.

It is contended by the life beneficiaries that accountant is not entitled to a commission or compensation on the corpus of the trust until final payment and transfer of the principal of the trust.

Commission or compensation upon the corpus of a trust estate is generally not allowable except when the trust is terminated and the fund is in the course of distribution. But there are some well-recognized exceptions to this rule. One of these exceptions is that in which a trustee dies or his relation to the trust is terminated and his account is filed by himself or his personal representative, in which event commissions are allowed commensurate with the services performed, the responsibility incurred and the length of time during which the

services and responsibility continued: Wainwright's Estate, 27 Dist. R. 955; Makins' Estate, 7 Dist. R. 126; Murray's Estate, 103 Pa. Superior Ct. 87.

In a recent case in the Philadelphia County Orphans' Court, Millman's Estate, 17. D. & C. 566, Judge Gest allowed a commission of 3 percent on the corpus of the trust estate to the insolvent corporate trustee before the termination of the trust, stating, inter alia:

"The trustee has faithfully administered the trust for nearly fifteen years, sold real estate under the direction of the court, has not committed any default in reference to the assets of this estate, and it does not seem to me to be just to disallow these commissions, which I will consequently allow."

To like effect is the decision of Lamorelle, P. J., of the Philadelphia Orphans' Court, in Ulrich's Estate, decided May 11, 1932, to No. 223, January Term, 1917.

From the preceding cases it is evident that accountant is entitled to some compensation, there being no evidence of any mismanagement, insofar at least as this particular trust is concerned; and, in view of the fact that the trust agreement specifically provides for a total compensation of 2 percent of the principal or corpus of the trust, accountant is entitled only to a pro rata share of the 2 percent commission, proportionate as the number of years it has administered the trust bears to the probable duration of the trust.

The duration of the trust is to be determined by adding the length of time the trust has been administered by the former trustee to the probable length of time it will run, determined by the life expectancy of the beneficiary, or average expectancy of the beneficiaries where more than one, according to the Carlisle Tables, and the former trustee is entitled to the proportion of the total compensation that the time it has administered the trust bears to the time of the duration of the trust as above determined. The proportion of the total compensation due any succeeding trustee shall also be calculated upon the same basis, which will save the corpus of the trust from any depletion on account of change of trustees.

Counsel for accountant and exceptants have prepared a stipulation hereto annexed, in which they agree that the sum of $494.77 is, if calculated upon the above basis, the proper compensation for the pro rata commission of the accountant. Said stipulation is hereby approved and incorporated as a part of this adjudication.

The accountant is accordingly surcharged with said commissions of $3,586.67, and to that extent the exception is sustained. The accountant is allowed a commission of $494.77 upon said principal.

And now, September 13, 1932, this adjudication is confirmed nisi.