Estate of Jesse Millman, Deceased.

Argued September 29, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Daniel R. Rothermel,* for appellant.

*Arthur Hagen Miller,* and with him *Shippen Lewis,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee.

OPINION BY KELLER, J., February 1, 1934:

The question at issue in this appeal is whether a corporate trustee,—now in the hands of the Secretary of Banking,—which faithfully performed its duties as

trustee for fifteen years, without loss to the estate, is to be deprived of all commissions on the corpus of the fund on surrendering the trust, before its termination, because of insolvency, where it does not appear that such insolvency was due to the misconduct of its officers.

The court below held that the Secretary of Banking, on filing the final account on behalf of such trust company as trustee, was entitled to reasonable compensation out of the corpus to compensate it for the labor, care and responsibility incurred with respect to the corpus. The substituted trustee has appealed.

We had occasion to consider at some length, recently, the right of the personal representative of a deceased trustee, who died before the termination of the trust, to compensation payable out of the corpus of the fund for his labor, care and responsibility pertaining to the conservation of the capital, where he had faithfully performed his duties as trustee. See Murray's Est., 103 Pa. Superior Ct. 87, 157 A. 813. We there held that the deceased trustee's estate was in such case entitled to reasonable compensation out of the corpus for his responsibility and services incurred and performed with respect to its conservation. We refer to the cases therein reviewed and our discussion of them.

Ordinarily, one does not look for the termination of a corporation's relationship as trustee, where it has faithfully performed the duties as trustee, and is guilty of no misconduct, prior to the termination of the trust. That is one of the advantages, if not the principal one, moving in the selection of a corporate trustee. But the recent debacle in banks and trust companies, resulting to some extent from a widespread and often unreasoning lack of confidence in banking institutions generally, has shown that it is possible for a bank or trust company to be compelled to close its

doors without any misconduct of its officers, and thus terminate a trusteeship which it had faithfully performed. Is it equitable, in such circumstances, that it should receive no compensation for the care, labor and responsibility incurred and devoted to the conservation of the corpus of the estate?

Mylin's Est., 32 Pa. Superior Ct. 504, is the authority chiefly relied on to support the affirmative of this question. But in that case the trust company had not been a faithful trustee. Immediately on receipt of the trust fund, it deducted five per cent of the corpus and invested only the remainder thereof for the benefit of the trust; thus not only taking its commissions before they were earned but also depriving the life tenant of the interest on the principal wrongfully taken from the fund. This, of itself, justified a withholding of all commissions on the corpus from the trustee. Furthermore, in spite of the 'assumption' of the Superior Court for the purposes of the case (p. 506) "that the insolvency of the trustee was not induced by the careless or criminal conduct of its business, and that it was its misfortune rather than its fault which required the appointment of a new trustee," it was well known to the court below and to all conversant with the trust company's affairs, that its insolvency was due largely to the misconduct of its officers, or some of them, and was the result of fault rather than misfortune.

We are unwilling that an expression ordinarily appropriate should in the unusual circumstances here present be used to defeat an equitable right to compensation.

That payment of compensation in such circumstances is not inherently inequitable is seen from the fact that the Banking Code of 1933, (Act of May 15, 1933, P. L. 565) provides in Section 808 as follows: "Section 808. Compensation Due Institutions and

Secretary from Estates.—The secretary in possession of an institution as receiver shall be entitled to collect such reasonable fees and commissions as were earned, both as to income and as to principal, and such reasonable expenses as were incurred, by the institution in its capacity as fiduciary, prior to the date on which possession was taken by the secretary. He shall also be entitled to reasonable fees and commissions, both as to income and as to principal, for any services performed, and all reasonable expenses incurred, by him on behalf of any estate of which the institution was fiduciary. The secretary shall be entitled to such commissions on principal as shall appear reasonable under all the circumstances, whether or not the trust has terminated at the time of the filing of the account or of the transfer by the secretary of the funds, property and investments of the estate in accordance with the provisions of the instrument creating the fiduciary relationship. All sums received by the secretary under this section shall become assets of the institution of which he is in possession as receiver. Except in cases where the secretary, pursuant to the provisions of this act, transfers funds, property, or investments of the estate without filing an account, the court in which the secretary shall file the account for the estate of which the institution was fiduciary shall award to the secretary the fees, commissions, and expenses provided for in this section.''

While this action of the General Assembly does not rule this case, it sheds light on the fairness and reasonableness of the claim for compensation, and may be considered in passing on the equity of its allowance.

We are not to be understood as sanctioning the allowance of compensation out of the principal to all corporate trustees upon their premature retirement from the trust. Each case must be judged and de-

cided on its own merits: McCaskey's Est., 307 Pa. 172, 182, 160 A. 707.

Our action is based on the premise laid down in the majority opinion of the court below, from which we quote the following: "The trustee whose account is filed by the Secretary of Banking was appointed in 1916—over fifteen years ago—and has faithfully performed the duties of the trust; no loss has been incurred and no fault has been found with its management. After fifteen years the trustee, like a score of other trust companies, was obliged to relinquish its trusts, and the trust estate, intact and without depreciation, was taken in charge by the Secretary of Banking."

With these facts kept in mind we agree with the declaration of the learned auditing judge, (Judge Gest) as follows: "I do not think, however apposite the quotation from Mylin's Estate may appear, that it was intended to lay down a hard and fast rule applicable to all cases like the present. The trustee has faithfully administered the trust for nearly fifteen years, sold real estate under the direction of the court, has not committed any default in reference to the assets of this estate, and it does not seem to me to be just to disallow these commissions, which I will consequently allow."

The assignments of error are overruled and the decree of the court below is affirmed.

The costs on appeal to be paid out of the estate.