## McCune's Estate.

Argued April 17, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*W. Denning Stewart,* for appellants.

*Bertram H. Kenyon,* for appellee.

OPINION BY STADTFELD, J., July 10, 1936:

The Braddock Trust Company failed and on May 25, 1934, the Turtle Creek Bank and Trust Company was appointed by the Orphans' Court of Allegheny County to take possession of the assets of the various trust estates and to hold the same as bailiff, under the supervision of the Orphans' Court, until such time as a permanent successor fiduciary should be appointed. Among trust estates so taken into possession by the Turtle Creek Bank and Trust Company, was a trust estate which had been created under the last Will and Testament of one Joseph P. McCune for the benefit of his daughter, Clarinda F. Bentley. Said Clarinda F. Bentley died August 13, 1934, and thereby the purposes of the trust were terminated and it was not necessary to have appointed a permanent successor trustee.

On November 1, 1934, the Turtle Creek Bank and Trust Company, as such bailiff, filed the Account involved in this case for the Braddock Trust Company. Such Account showed assets of $30,845.60, and for its services in taking the custody, preserving the estate, communicating with the various persons interested, filing the account and for the responsibility assumed, the Turtle Creek Bank and Trust Company claimed credit against the personalty of the estate in the sum of $396.75, and this amount was allowed to said bailiff by the Orphans' Court of Allegheny County.

The Trustees appointed and in charge of the remain-

ing assets of the Braddock Trust Company, together. with the Braddock Trust Company, by their counsel, filed exceptions to the compensation claimed by the Turtle Creek Bank and Trust Company. The exception filed by the exceptants is "for the reason that the claim for said compensation is illegal, improper and without the consent of the exceptants." The exception did not contend that the amount of the compensation allowed to the Turtle Creek Bank and Trust Company is excessive.

Exceptions to the account were, after hearing, dismissed in an opinion by TRIMBLE, P. J. Exceptions to the decree were heard before the court in banc, consisting of TRIMBLE, P. J., and MITCHELL and CHALFANT, JJ., and were overruled in an opinion by TRIMBLE, P. J., on the ground that there were no exceptions by interested parties.

This appeal might well be disposed of for the same reason as stated in the opinion by the lower court, as well as for the further reason that no exceptions were filed as to the value of the services rendered by the Turtle Creek Bank and Trust Company. Nevertheless, we have carefully read and examined the testimony in this case for the purpose of passing on the latter feature.

We quote from the opinion of the lower court, which is fully supported by the testimony: "When the bailiff took possession of the trust assets, the entire estate of Clarinda F. Bentley was invested in a mortgage pool operated by the Braddock Trust Company. This pool consisted of mortgages and was transferred to the Turtle Creek Bank and Trust Company which collected the interest accruing and insured the properties. Twenty per cent of the mortgage pool has been collected. Applications had been made by the Braddock Trust Company for home owners' loans and bonds were delivered to the bailiff for mortgages held in the pool; other mort-

gages were reduced, others were paid in full after the Turtle Creek Bank and Trust Company became bailiff. The ordinary duties of a trustee in preparing, stating, and filing the account and in correspondence with the relatives of the decedent and with the attorneys representing the executors of the estate in California, and the appearance at the audit constituted the remaining part of the service."

"The elements to be considered in awarding compensation to a trustee are two: (1) the care, labor and services of the trustee in the performance of the trust; and (2) the responsibility incurred and involved:" Estate of Victoria S. Murray, 103 Pa. Superior Ct. 87, 157 A. 813.

Appellant assumes that the accountant is appropriating part of the compensation belonging to the Braddock Trust Company. We quote further from the opinion of the lower court: "There has been no suggestion by any person other than the exceptant that the amount allowed at the audit is excessive. It was assumed by counsel at the oral argument that the Braddock Trust Company's trustees are entitled to a greater portion of the compensation allowed than to the bailiff. The Braddock Trust Company's trustees did not make any request for an additional allowance at the audit but it seems to want to prevent the bailiff from being paid the value of its services by appropriating a part of the compensation allowed."

Nothing can be added with advantage to the opinion of the learned judge of the lower court in disposing of this case.

The assignments of error are overruled and the decree of the lower court affirmed, at cost of appellant.