## Koleff Estate.

Argued September 30, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*John C. Bane, Jr.*, with him *Elder W. Marshall, Reed, Smith, Shaw & McClay* and *Henry A. Jones*, for appellant.

*Martin E. Cusick*, of *Service, McNeal, Cusick & Isenberg*, with him *L. N. Dilley*, for appellee.

PER CURIAM, March 22, 1943:

At the audit of the administrator's account, Peter and Mary Montson, appellees, presented their claim on a judgment note given them by decedent in the sum of $8,000. The claim was allowed by the Orphans' Court and by this Court on appeal: *Koleff's Estate*, 340 Pa. 423. Henry A. Jones, Esquire, the administrator, has since paid or tendered the face amount of the award (less an agreed sum to provide for a possible inheritance tax liability) but refused payment of interest claimed by appellees from the final confirmation of the award by the Orphans' Court. The matter was submitted to the

court below on petition and answer, and a decree was entered in favor of appellees from which the administrator appeals.

The sole question, as stated by the court below, is as follows: "Does an award by the auditor of an administrator's account, affirmed by the Orphans' Court, bear interest from the date of the decree of the Orphans' Court until the award is paid, if meanwhile an unsuccessful appeal is taken from such decree to the Supreme Court?" It was decided by the court below, and rightly so, that this question must be answered in the affirmative. As said in *Wither's Appeal,* 16 Pa. 151, 153: "That an administrator is chargeable with interest from the decree cannot be doubted. In that respect a decree is like a judgment, to which interest, in this State, is a necessary incident." See also *Wilson's Appeal,* 8 Sadler 579.

Decree affirmed at appellant's cost.