## Trumbull Estate

*Franklin L. Wright* and *Shippen Lewis*, for accountants.

*Frederick B. Smillie* and *Humbert B. Powell*, for exceptants.

VAN RODEN, P. J., thirty-second judicial district, specially presiding, March 21, 1949.—Decedent died August 8, 1924. By his will, he directed that his

residuary estate be combined with his father's estate as to which he had a power of appointment, created a trust in favor of his wife with respect to three fourths of the combined total and a trust for his three daughters with respect to the remaining one fourth, and directed that the wife's trust should contain the property appointed from his father's estate. He named W. Logan MacCoy and Fidelity-Philadelphia Trust Company as executors and trustees. In their account as executors, which was duly adjudicated on November 9, 1925, the accountants claimed and were allowed commissions on the principal personal assets belonging to decedent's estate. A schedule of distribution was approved on April 4, 1926. Thereafter, the accountants acted in the capacity of trustees rather than executors.

All the initial income beneficiaries are still alive and the trusts continue in whole. Due to the death of the individual trustee on January 11, 1948, an account of the trustees has been filed with respect to each trust. In said accounts, credit has been claimed for commissions at the rate of $1\frac{1}{2}$ percent on principal to the deceased trustee. These principal commissions are claimed only on assets as to which no executors' commissions have been charged or paid. The corporate accountant has also claimed commissions of five percent on income since the date of death of the individual trustee.

The accounts have been confronted by exceptions presented on behalf of the income beneficiaries who object to the allowance of any principal commissions at this time and who claim that commissions on income at the rate of five percent are excessive. They also object to the counsel fees noted in the account.

Although the corporate trustee performed all the accounting functions with respect to the trusts and also acted as custodian of the assets of the trust, the

individual trustee was by no means an inactive trustee. He was a well-known member of the Philadelphia bar as well as a prominent banker and had considerable experience in the management of trust estates. He was consulted by the corporate trustee with respect to all changes of investment as well as other matters of importance in the administration of the trusts and there can be no doubt from the evidence produced at the hearing on these exceptions that the individual trustee performed extensive and valuable services with respect to the trusts in question.

Although, as a general rule, a trustee is not entitled to charge commissions on the corpus of the trust until the termination thereof, an exception to this rule arises where the relationship of the trustee to the trust is terminated by his death. In such circumstances, the estate of the deceased trustee is entitled to receive commissions commensurate with the services performed, and the responsibility incurred and the length of time during which his services and responsibility continued: Wainwright's Estate, 27 Dist. R. 955 (1918).

The rationale underlining this exception to the general rule is that when the trustee's duty to the trust estate is fully performed, whether this is accomplished by the distribution of the trust fund or the termination of the trustee's relation to it, through no fault of his own, he is entitled to his compensation for his labor, care and responsibility pertaining to the conservation of the capital: Murray's Estate, 103 Pa. Superior Ct. 87 (1931). In that case, the Superior Court held that "the elements to be considered in awarding compensation to a trustee are two: (1) The care, labor and services of the trustee in the performance of the trust; and (2) the responsibility incurred and involved." It is very important to note that this is not a case of so-called "double commissions". No

principal commissions are claimed in the present accounting with respect to assets upon which commissions were charged by the executors. The commissions now claimed are restricted solely to assets not included in the executors' accounts. Consequently, the trustees have never been compensated for services performed and responsibility incurred with respect thereto. In view of the considerable amount of principal assets involved, and also the fact that the individual cotrustee rendered competent and valuable services with respect thereto for a period of more than 20 years, the court is convinced that his estate is entitled to recover reasonable compensation for such services and that a commission of 1½ percent on principal assets upon which no executors' commissions were charged is fair and reasonable. Accordingly, the credits claimed in the accounts for such commissions are hereby approved and the exceptions with respect thereto are hereby dismissed.

In considering the exceptions filed with respect to counsel fees, it is noted that the fees charged ($2,250 in the larger trust involving a gross estate of $759,-464.32, and $750 in the smaller trust involving a gross estate of $267,166.04) are considerably lower than the amounts suggested by the minimum fee bill of the Montgomery County Bar Association. While such minimum fee bill is not binding on the court, it may be considered in determining the reasonableness of counsel fees: Sower's Estate, 46 D. & C. 378 (1942). The court is of the opinion that counsel fees charged in connection with the present accounting are not only fair and reasonable but are also moderate. Accordingly, the credits claimed for such counsel fees are hereby approved and the exceptions with respect thereto are hereby dismissed.

The remaining exceptions concern income commissions. From the inception of the trust until early in

1942, income commissions were charged at the rate of three percent, and were divided equally between the individual trustee and the corporate trustee. In 1942 the rate was raised to five percent, without prejudice to the right of the beneficiaries to object to such increase when an account was filed. After this increase, the individual trustee continued to receive his 1½ percent commissions while the compensation of the corporate trustee was increased from 1½ percent to 3½ percent. Since the death of the individual trustee, the corporate trustee has claimed to be entitled to the full five percent on the commissions charged.

It is a matter of common knowledge that most corporate fiduciaries in this vicinity generally charge commissions of five percent on income receipts. The rate is sometimes varied by private agreement between the trustee and the settlor or testator, but there is no evidence of any such contract in this case. The complexity of the business transactions involved in the administration of trusts as large as the ones presently under consideration of necessity entails a large amount of clerical and accounting services in addition to the high degree of discretion which the trustee is called upon to exercise and the considerable responsibility imposed on the trustee with respect thereto. Unless adequate and reasonable compensation is allowed, corporate trustees will be unwilling to continue such services. A careful review of the accounts under consideration convinces the court that these trusts will be benefited by continuing the administration in the hands of the present corporate trustee. The court is further convinced that commissions of five percent on income receipts are entirely fair and reasonable. The fact that the corporate trustee previously shared such commissions with the individual trustee is of little importance. The division of commissions between co-

trustees does not affect the rights of the beneficiaries, where the total commissions charged are fair and reasonable and not in excess of the commissions which would be allowed to a single trustee. Accordingly, the credits claimed in the account with respect to income commissions are hereby approved and the exceptions relating thereto are hereby dismissed.