McGeehan Estate.

2

Argued May 6, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*Justin Kevin McCarthy*, with him *Daniel L. McCarthy*, for appellant.

*Louise F. McCarthy*, with her *H. P. McFadden*, for appellee.

OPINION BY MR. JUSTICE BOK, May 28, 1959:

The question is whether $2250 is excessive for an executor's commissions.

On February 11, 1950, decedent made her will. She created a trust for her mother for life and named the First National Bank and Trust Company of Bethlehem as executor and trustee.

On December 21, 1950, decedent was declared mentally incompetent, and on the same day the bank was appointed guardian of her estate.

On March 16, 1951, the bank filed its inventory as guardian, showing assets valued at $37,016.97.

Decedent died on June 28, 1956, and on July 26 the bank took out letters testamentary as executor.

On December 4, 1956, the bank filed its final account as guardian, showing, as of the date of death, principal in the amount of $33,276.67, and unexpended income of $679.47. Although the arithmetic is not

clear, there is no dispute over the bank's commissions as guardian in the sum of $1903.90 on principal and $80.43 on income. This account was audited and confirmed on January 25, 1957.

On May 7, 1957, the bank filed its inventory as executor, showing assets in the value of $44,125.76. It filed its final account as executor on June 13, 1957, and requested commissions as both executor and trustee in the sum of $2250 on principal and $33.28 on income. Its trust officer certified at the hearing on exceptions to these commissions, however, that they shall, unless unusual contingencies develop, cover its services as trustee to the end of its trusteeship under the will; this had been conditioned upon the life expectancy of seven and a quarter years for the life tenant, who was aged eighty-four on December 23, 1957, the date of the hearing.

The chancellor held the commission reasonable, saying: "The labor and responsibility of accountant in this estate were in no way extraordinary either in amount or difficulty. It may well be that if accountant was claiming the amount which it now claims merely as executor, the commission would be excessive. However, in view of the fact that it also is claiming as trustee and bases this portion of its claim on the life expectancy of the exceptant, we do not believe the commission claimed to be inappropriate."

The court en banc, after citing the Act of May 1, 1953, P. L. 190, §2, 20 P.S. §§3274-3279 (pocket), said: "Accountant, in this case, did not allocate its claimed compensation between its services as executor and its services as trustee. However, in our opinion, it is entitled under the evidence to the compensation it claims for its duties as executor. We, therefore, deem it unnecessary to discuss the extent of the compensation, if any, it is entitled to as trustee except to note

that the Act of 1953 does not provide for compensation for services to be rendered in the future."

The appropriate part of the Act of 1953 reads as follows: "Whenever it shall appear, either during the continuance of a trust or at its end, that a fiduciary has rendered services for which he has not been fully compensated, the court having jurisdiction over his accounts shall allow him such original or additional compensation out of the trust income or the trust principal or both as may be necessary to compensate him for the services theretofore rendered by him."

The interpretation of this language is not before us, but we have displayed it in order to deprecate as bad practice an engagement in advance not to charge commissions. And we will construe the above section to the extent of agreeing with the court below that it clearly does not authorize the payment of commissions for prospective services.

The bank failed to show a division of commissions between its executorial service and its trustee service when it filed its account, although it knew or should have known the section of the Act of 1953 quoted above. It then sought to correct the situation when its trust officer waived future trust commissions while on the witness stand. However, once we put our imprimatur upon this commission as being proper compensation for the bank as executor, a psychological weight will be put on the court when the trust ends, six years hence, to award it some compensation as trustee, despite its assurance now that the present commission covers both categories.

It gives pause that the bank should ask more for ten and a half months' work than it asked for and took for six years' work as guardian. Allowed $2283.28 for executor's commissions by the court en banc, its work as executor lasted from July 26, 1956, when it

took out letters, to June 13, 1957, when it filed its account. During that time it did no unusual service, as the six-page account shows. The exceptant has naturally compared this unfavorably with the bank's work as guardian, which lasted from December 21, 1950, when it was appointed, to December 4, 1956, when it filed its account. Its six years' work as guardian is represented by a twenty-page account, and its commissions total $1984.33, or less than its commissions as executor for more work. And the bank's brief unguardedly cites authority—*McElhenny's Appeal*, 46 Pa. 347 (1863)—which says: "a guardian, unlike an administrator, is a trustee for custody and management, not for mere collection and distribution."

This disparity raises the possibility that $2250 does in fact reflect some factor of future trustee's commissions. Fiduciaries acting in multiple capacities should be scrupulous in keeping them in all ways distinct.

If the amounts involved were substantial we would send the case back for further study and clarification. But the sums are so small that they blur the relationship between work and recompense, whether expressed in amounts or percentages. What stays our hand is the action of the court en banc in limiting the commissions to those proper for an executor and pronouncing them reasonable here. It should know best, in the absence of an obvious abuse of discretion. Taking the bank at its word that it will not ask for further compensation except for unusual service made necessary by contingencies not now foreseen; regarding the peculiar circumstances of the case, with the notion counted in that it was the bank that made them look a bit peculiar; aware also that a year and a half of the trusteeship has already run—we regard the action of the court en banc as representing in the round the best available wisdom and conformance with law.

The decree is affirmed, costs to be paid by the estate.
Mr. Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.