## Mylin's Estate.

*Trusts and trustees—Commissions on principal—Costs—Counsel fee.*

In the case of a continuous trust, the trustee, except in extraordinary circumstances or when the instrument by which the trust is created so indicates, cannot diminish the fund which is to create the income during the life of the trust. For services rendered by way of collecting and paying over the income, the compensation is a fit charge upon the increase and is properly deducted from it; but the labor, care and responsibility pertaining to the conservation of the capital itself are properly charged on it, and are to be deducted from it when the trust expires, or the particular trustee's relation to it ends.

A trustee has no right to deduct his commissions on the corpus of the trust estate as soon as it comes into his hands.

Where a trust estate amounts to over $12,000, and the trust has continued for nearly three years before the trustee's discharge, a charge for counsel fees of $30.00 and $9.85 fees of the clerk of the orphans' court, should be allowed.

Argued Nov. 12, 1906. Appeal, No. 216, Oct. T., 1905, by J. H. Rathfon, Receiver of the City Saving Fund and Trust Company, Trustee and Accountant, from decree of O. C. Lancaster Co., April T., 1902, No. 21, dismissing exceptions to adjudication in estate of Francis Mylin, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Decree modified and affirmed.

Exceptions to adjudication.

The exceptions were as follows:

1. The court erred in surcharging the accountant with $614.52, commissions on the principal.

2. The court erred in refusing to allow the accountant any commissions on the corpus of the estate.

3. The court erred in surcharging the accountant with $30.00, counsel fees paid.

4. The court erred in surcharging the accountant $9.85 for register's and orphans' court costs paid on the account.

The court dismissed the exceptions in an opinion by SMITH, P. J.

*Errors assigned* were in dismissing the exceptions.

504, (1907).] Arguments—Opinion of the Court.

*William H. Keller*, with him *John E. Malone* and *John A. Coyle*, for appellant.—All courts have recognized that the duties of a continuing trust are more onerous and burdensome than those of the mere administration of a decedent's estate, and as compensation is measured by labor and responsibility, if any distinction should be made it would be in favor of the trustee rather than otherwise: McElhenny's Appeal, 46 Pa. 347; Stevenson's Estate, 4 Wharton, 98; Lowrie's App., 1 Grant, 373; Shunk's App., 2 Pa. 304; Duval's App., 38 Pa. 112; Whelen's App., 70 Pa. 410; Wistar's App., 54 Pa. 60; Sunderland's Est., 203 Pa. 155; Young's Est., 204 Pa. 32; Gilpin's Est., 138 Pa. 143; Oliver's Est., 4 Pa. C. C. Rep. 209; Penn-Gaskell's Est., 208 Pa. 342; Mintzer's Est., 43 Legal Int. 292.

Costs should have been allowed: Lowrie's App., 1 Grant, 373; Musser v. Good, 11 S. & R. 247.

*John M. Groff*, for appellee, cited: Bosler's Est., 161 Pa. 457; Perkins's App., 108 Pa. 314; Tidball's Est., 29 Pa. Superior Ct. 363; McGregor's Est., 131 Pa. 359; Shearman v. Morrison, 149 Pa. 386.

OPINION BY BEAVER, J., February 25, 1907:

The City Savings Fund & Trust Company, trustee of the estate of Francis Mylin, at the beginning of the administration of its trust "took out of the head of the heap" the sum of $514.52, 5% of the gross amount, as its commissions on the corpus of the estate. Within three years thereafter the trustee, because of its insolvency, surrendered the management of the estate and filed its account. That account showed the corpus of the estate diminished by the sum of $678.32, somewhat more than the amount appropriated by the trustee at the beginning of the administration of the trust as its commissions.

This deduction was a double wrong. It not only appropriated money for services before they were rendered and fixed the amount at what would ordinarily be regarded as a maximum charge, even in the distribution of an estate, but it thereby reduced the earning capacity of the estate by the amount deducted and appropriated the income of the said amount to its own use.

The appellant does not seek to justify either the deduction of commissions in advance, nor the amount deducted, but, ignoring the wrong which was done by such deduction, he attempts to show that, inasmuch as the estate was carefully and judiciously managed in all other respects, the trustee should be paid a reasonable compensation out of the corpus of the estate as well as the commission of 5% deducted from the annual income.

Assuming, for present purposes, that the insolvency of the trustee was not induced by the careless or criminal conduct of its business, and that it was its misfortune rather than its fault which required the appointment of a new trustee, it by no means follows that the trust estate should be visited with the results of such misfortune. It requires no prophet's ken to foresee that a series of such misfortunes would hopelessly reduce the corpus of the estate, so that its income would utterly fail of the purpose originally intended. This consideration is sufficient ground for the wholesome rule laid down in Bosler's Estate, 161 Pa. 457, which, as stated in the syllabus, is that: " In the case of a continuous trust, the trustee, except in extraordinary circumstances or when the instrument by which the trust is created so indicates, cannot diminish the fund, which is to create the income during the life of the trust. For services rendered by way of collecting and paying over the income, the compensation is a fit charge upon the increase and is properly deducted from it; but the labor, care and responsibility pertaining to the conservation of the capital itself are properly charged on it, and are to be deducted from it, when the trust expires or the particular trustee's relation to it ends."

It is in this case true that the particular trustee's relation to this estate ended before the filing of its account, but the trust had not expired, nor should the relation of the trustee have ceased, except for causes for which the cestui que trust was in no way responsible, and for which the trustee, whether through fault, folly or misfortune, was responsible. As the court below well said, in the opinion dismissing the exceptions to its adjudication, " It is not the case of a terminated trust or the ordinary change of trustees, but of a forfeited trusteeship."

So far, therefore, as the assignments of error relate to the surcharge of the amount deducted from the corpus of the estate

at the beginning of the trust and the interest thereon, they are not sustained.

The opinion of the adjudicating judge is exhaustive and convincing, and it is not necessary for us to cite the authorities which are so carefully collated therein and in Bosler's Estate, 161 Pa. supra.

As to the assignments of error relating to the surcharges of $30.00 for counsel fees and $9.85 for register's and orphans' court costs, paid on the account, we do not agree with the court below. The trust had continued for more than two years, and the trustee had actually received the trust estate nearly three years before its discharge. The only charge for services of an attorney is that of $30.00 to William R. Brinton. It is not stated that this is for filing the account. It is a most reasonable charge in any event. As to the fees of the clerk of the orphans' court, they were, so far as appears either in the account or in the opinion of the adjudicating judge, the ordinary fees for such service. Trustees should ordinarily be encouraged to, rather than discouraged from, filing accounts. The filing of the account was a necessity, both as a matter of information for the cestui que trust as well as a basis for charging the new trustee. The charge was reasonable. It was not excepted to, as we understand it, by any of the parties interested. The sum of $39.85, being the attorney fee and the amount paid the clerk of the orphans' court, fees for filing the trustee's account, should be deducted from the amount of the surcharge ; and, when so deducted and the amount of the surcharge diminished to that extent, the decree of the orphans' court is affirmed.

The costs in this court to be paid by the appellee.