# Farmers National Bank and Trust Company of Reading (to use, Appellant) v. Berks County Real Estate Company et al.

Argued January 23, 1939.   Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Charles H. Weidner,* for appellant.

*John A. Moss,* with him *Edgar S. Richardson,* for appellees.

OPINION BY MR. JUSTICE DREW, March 22, 1939:

In a proceeding by scire facias to revive certain judgments, the parties agreed upon a case stated which was submitted for the opinion of the court. The agreed statement discloses the following facts: The judgments sought to be revived were entered by plaintiff bank on February 3, 1933, against the Berks County Real Estate Company. The property which plaintiff contends is subject to those judgments was owned by J. Turner Moore prior to 1927, and his title was evidenced by a duly recorded deed. By deed dated March 27, 1927, J. Turner Moore conveyed the land to Berks County Real Estate Company, but this deed was not recorded until 1934. In 1928 Berks County Real Estate Company conveyed the premises to McCormick G. Moore. This deed was likewise not recorded until 1934. Plaintiff had no knowledge of these two conveyances until the respective deeds were recorded. Since 1927 J. Turner Moore has remained in open and continuous possession of the premises.

The sole question raised by this case is whether the Act of June 12, 1931, P. L. 558, amending the Act of May 12, 1925, P. L. 613, and making unrecorded deeds invalid as against subsequent judgment creditors, applies to a deed executed prior to 1931. Plaintiff contends that as the deed from Berks County Real Estate Company, although dated in 1928, was not recorded until 1934, this conveyance was rendered void as to plaintiff when the latter entered its judgments in 1933, and hence the property became bound by the liens of those

judgments. The lower court held that the act did not apply to deeds executed prior to its enactment and hence the property in question was not bound by the judgment liens. In accordance with the terms of the agreed stipulation of the parties, the court thereupon directed judgment to be entered in favor of defendants.

A careful examination of the Act of 1931 convinces us that the interpretation advanced by plaintiff cannot be sustained. There is nothing in the act which would indicate that it was intended to apply to transactions completed prior to its passage. On the contrary, the language is entirely prospective. The act applies to all deeds wherein "it *shall be* the intention" to grant and convey any lands, and does not either directly or indirectly refer to executed deeds. However desirable it might have been to protect judgment creditors from the frauds that might arise from existing unrecorded deeds, the legislature did not express any such intent in this act. A comparison of the Act of 1931 with the earlier recording act (Act of May 19, 1893, P. L. 108) bears out this construction. The Act of 1893 expressly provided that it should apply to deeds executed before it became effective and gave holders of unrecorded deeds ninety days within which to comply with its provisions. Had the legislature intended the Act of 1931 to affect existing deeds, it would have followed the wording of the earlier act. Furthermore, the very fact that the Act of 1931 does not provide a specific time within which persons holding unrecorded deeds could comply with its provisions indicates that such persons were not to be affected.

The general rule of construction is that statutes, other than those affecting procedural matters, must be construed prospectively except where the legislative intent that they shall act retrospectively is so clear as to preclude all question as to the intention of the legislature: *Philadelphia, B. & W. R. Co. v. Quaker City Flour Mills Co.*, 282 Pa. 362; *Kuca v. Lehigh Valley Coal Co.*, 268

Pa. 163. Where the statute is a remedial one a more liberal construction is favored, but, even in such cases, if it may disturb vested rights, the court cannot construe the act to apply retrospectively unless there is some language in the act indicating that such was the legislative intent: *Atkinson v. Atkinson,* 203 N. Y. S. 49; 59 C. J. 1170, and cases cited.

That this act should be given a prospective application only is also sustained by the fact that a retrospective interpretation of the statute would violate Article I, section 9, of the State Constitution, and Amendment XIV of the Federal Constitution, inasmuch as it would deprive holders of unrecorded deeds of vested rights in real estate without due process of law: 23 R. C. L. 173; *Connecticut Mutual Life Ins. Co. v. Talbot,* 113 Ind. 373; see *Elder v. Elder,* 256 Pa. 139. A statute which is not by its terms made to apply retroactively should not be construed to do so where such an interpretation would render it unconstitutional: *Thomas's Election,* 198 Pa. 546; *Shwab v. Doyle,* 258 U. S. 529. It is clear that recording and filing statutes which retroact upon preëxisting instruments do not violate any constitutional provision, provided a reasonable time is given the holders of such instruments to comply with the provisions of the statute: *Vance v. Vance,* 108 U. S. 514; *Connecticut Mutual Life Ins. Co. v. Talbot,* supra. In all the cases cited by plaintiff sustaining such legislation the statute itself provided for a reasonable time after its enactment within which existing deeds could be recorded. Where no such reasonable time is given the statute is clearly invalid: *Vance v. Vance,* supra; *The Moline Plow Co. v. Witham,* 52 Kans. 185. The Act of 1931 contains no provision giving holders of unrecorded deeds an opportunity to record such deeds in order to escape the effects of the statute.

By virtue of the Act of May 17, 1929, P. L. 1808, all acts, except laws making appropriations, become effective "only from and after the first day of September next

following their final enactment, unless a different date is specified in the act itself." Since the recording act in this case was passed on June 12, 1931, and hence did not become effective until the following September 1st, plaintiff contends that holders of deeds executed prior to the act had a reasonable time within which to comply with its provisions. This contention cannot be sustained. As a general rule a statute speaks as of the time when it takes effect and not as of the time it was passed: *People v. Butler,* 147 N. Y. 164; 25 R. C. L. 780, and cases cited. It would be unreasonable to hold that the judgment creditor could acquire rights against his debtor by virtue of an act prior to the time when that act became effective. Had the Act of 1931 contained a provision suspending its operation as against deeds already executed, the holders of such deeds would have had ample notice that they were to be affected and an opportunity to comply with the statute. But where the act attempts to treat all deeds alike, and makes existing deeds as well as deeds executed in the future absolutely void as against creditors immediately upon its becoming effective, the act does not satisfy the requirement that a reasonable time must be given the holders of existing deeds to comply with the provisions of the statute.

An analogous situation is found in cases dealing with statutes shortening periods of limitation for bringing suits. In *Philadelphia, B. & W. R. Co. v. Quaker City Flour Mills Co.,* supra, in dealing with a statute limiting the time within which a suit could be brought against a carrier, this court said (p. 365): "A statute of limitations requiring existing actions to be brought within a prescribed time from the date when the cause of action arose is constitutional . . . provided a reasonable time thereafter be given by the act for the commencement of the suits, the cause of which had accrued when the law became effective." In *Gilbert v. Ackerman,* 159 N. Y. 118, the New York Court of Appeals, in holding invalid a statute which contained no provision giving a reason-

able time for bringing suits on existing causes of action, said (p. 123) : "We have the opinion of Judge COOLEY, in *Price v. Hopkin* (13 Mich. 318), in support of the proposition that the statute begins to speak the moment it takes effect and not before, and, therefore, that the period intervening between its passage and its taking effect is not to be counted. In his work on Constitutional Limitations (*p. 366), that eminent jurist says that, 'it is essential that such statutes allow a reasonable time after they take effect for the commencement of suits upon existing causes of action.' . . . He takes this position that a statute has not, *ex proprio vigore,* any force until it becomes the law of the land, and that is when, by its terms, it takes effect, and as up to that moment the party is allowed by the existing law a period for the commencement of his action, if at the instant that the new statute takes effect the period is cut off, and the remedy forever barred, then the act is unconstitutional. In his language, 'whether passed at that moment or before' (referring to the time of taking effect), 'we conceive to be immaterial and that the statute cannot be applied . . . without violating a plain principle of constitutional law.' " See also: *Adams & Freese Co. v. Kenoyer,* 17 N. D. 302; *People v. Cohen,* 245 N. Y. 419.

This conclusion is not in conflict with the decision of this court in the case of *Korn v. Browne,* 64 Pa. 55, holding valid the retrospective application of the Act of April 27, 1855, P. L. 368, which barred claims for ground rents where no claim was made for twenty-one years. That act, although taking effect immediately upon its enactment, contained an express provision giving holders of ground rents three years within which to make their claims so as to escape the bar of the statute. We must therefore conclude that the Act of 1931 cannot be construed to apply to the deed executed in 1928.

Judgment affirmed, costs to be paid by appellant.