## Hollingsworth Estate

TAXIS, P. J., October 5, 1970.—The second account of the First Pennsylvania Banking and Trust Company, surviving and remaining trustee under the will, was examined and audited by the court on June 26, 1970.

The account shows a balance of principal for distribution of $435,256.02, composed of the assets as shown on the summary. . . .

There is one disputed matter before us. The account contains an item of $15,000, representing a terminal principal commission to the trustee. In the petition for adjudication, the trustee candidly refers to Williamson Estate, 368 Pa. 343 (1951), which disallowed such commissions under circumstances similar to those now before us. The trustee served as decedent's executor, and under section 45 of the Fiduciaries Act of June 7, 1917, P. L. 447, which governed this matter at the inception of the trust, may not now receive a commission as trustee. The Attorney General of the Commonwealth objects, as parens patriae, to the allowance of this commission.

Most reluctantly, we conclude that no commission is allowable. While Williamson Estate, supra, can be viewed as limited to the issue of interim and not terminal commissions, this area was further explored by the Orphans' Court of Philadelphia and the Supreme Court in Scott Trust, 418 Pa. 332, 34 D. & C. 2d 727, 15 Fiduc. Rep. 132. That case clearly involved terminal commissions. It also specifically dealt with and decided the question of whether the Act of 1917 still governed, in the light of its repeal by the Act of April 10, 1945, P. L. 189, and the subsequent enactment of the Act of May 1, 1953, P. L. 190, 20 PS §3274, et seq. Although it was specifically urged in Scott that the Act of 1953 was intended to alter the Williamson rule, and further that it should be retroactively applied according to the principles of constitutional law announced in Catherwood Trust, 405 Pa. 61, the Supreme Court nevertheless held that as to trusts created prior to 1945, the Act of 1917 and Williamson Estate were still applicable.

If this were a case of first impression, we would hold that the Act of 1953, particularly section 5 thereof applying it, inter alia, "To all services heretofore rendered by any fiduciary . . ." abrogated the old rules of the Act of 1917 and Williamson. We think it would be hard to find a better case than the one now before us to demonstrate the harshness and inequity of the prior rule, as applied to a trust almost 50 years old. True it is that an individual or party must be willing to accept the consequences of his knowing and voluntary acts; but the refusal of the courts to recognize the great change since 1921 in the circumstances and work required of a trustee is not in keeping with their willingness to progress elsewhere, even in the very area of the payment of interim and final commissions. There is no question whatever con-

cerning the reasonableness of the commission claimed, nor about the fact that the trustee's administration has been as successful as it has been lengthy. We think it is repugnant to good sense that whether or not valuable services should be paid for depends solely upon who performs them; the present trustee could have resigned at the inception of the trust and been as well paid as it now will be, and there would have been no doubt, even under the 1917 rule, that a successor trustee could have been fully compensated for all of its work. See also the excerpt from the adjudication in the lower court in Williamson Estate, quoted in Scott Trust, 15 Fiduc. Rep., at pages 144 and 145, and a similar awareness of this serious problem 19 years ago by the Supreme Court in Williamson Estate, 368 Pa. at page 352.

The present distributees of principal and income, and their respective interests therein, are shown on rider attached to the petition for adjudication as part of the last paragraph thereof.

Subject to distributions heretofore properly made, the net ascertained balances of principal and income for distribution are awarded as suggested on rider attached to the petition for adjudication, as part of the last paragraph thereof.

The account, as modified by this adjudication, is confirmed, and it is hereby ordered and decreed that the First Pennsylvania Banking and Trust Company, surviving and remaining trustee, as aforesaid, forthwith pay the distributions herein awarded.

Counsel for accountant shall file a schedule of distribution in duplicate.

And now, October 5, 1970, this adjudication is confirmed nisi.

*Robert W. Denious,* of *Duane, Morris & Heckscher,* for accountant.

*James L. Price,* Special Assistant Attorney General, for Commonwealth.

*Samuel Fessenden,* of *Montgomery, McCracken, Walker & Rhoads,* for beneficiaries.

OPINION SUR EXCEPTIONS TO ADJUDICATION

TAXIS, P. J., October 29, 1971.—Decedent left his estate in trust for his wife for life. At her death in 1969, 73/77 of the residue passed to named charities. Decedent died in 1921, and the testamentary trust lasted 47 years. At the audit of its account filed at the life tenant's death, the trustee claimed a terminal principal commission of $15,000 and the Attorney General of the Commonwealth, as *parens patriae,* objected. We disallowed this commission because of section 45 of the Fiduciaries Act of June 7, 1917, P. L. 447, since trustee had earlier been compensated as executor. These exceptions were then filed.

There is no point in repeating what was said in the adjudication. We have read the cases in exceptant's excellent brief, in an attempt to locate support for its theory that ordinary services in a trust become extraordinary, and compensable as such, if rendered over a sufficiently long time. We have found no such authority. Noting briefly some of the cases cited by exceptant, Penn-Gaskell's Estate (No. 1), 208 Pa. 342, was an early case allowing interim principal compensation for ordinary services, when the trust had existed 39 years. However, the issue here before us, that is, the rule of section 45 of the 1917 Fiduciaries Act, was not involved. We cannot be bound by Sower's Estate, 46 D. & C. 378, a 1942 case in this court. It appears in the reported excerpt from Judge Holland's opinion that additional principal commissions of about $130 were allowed at the termination of a 22 year trust, where the trustee had also been executor; but it does

not appear that strenuous objection was made to this, nor did the court specifically refer at all to the issue of double commissions. And in Ehret Estate, 427 Pa. 584, although the Supreme Court clearly decided that interim principal commissions may be allowed in trusts governed by the Fiduciaries Act of 1917, the issue was only the time of payment, not whether the compensation was due, or if it was barred by section 45.

We agree with the statement in exceptant's brief that Ehret Estate, supra, does indicate a willingness by our Supreme Court ". . . to abandon antiquated rules respecting fiduciary compensation where their application in modern circumstances leads to an inequitable result." The court said, at page 597:

"Several Justices of this Court (including the present writer) and the Legislature and the Orphans' Court of Philadelphia have from time to time pointed out the unfairness of this harsh rule and their desire to see it eliminated or further modified. Realistically speaking, it is a matter of common knowledge that financial and modern conditions have changed so greatly since the Act of 1864 and the Act of 1917, supra, that we . . . should allow, if earned, the payment of a fair and reasonable interim commission on principal to a (nonexecutor) trustee of a long-term trust."

The latter part of this quotation, however, makes us wonder whether the Supreme Court is yet ready to change its long established interpretation of section 45 concerning so-called double commissions.

In its brief, objector has described the services which it has rendered this trust, which, over 47 years, are impressive. They show a substantial increase in the value of the trust, that its duration was about twice that of the average trust, that hundreds of transactions have been handled and thousands of ledger entries

made, and that its cost of administering the trust exceeds the income commissions received by a substantial amount. The Attorney General, however, minimizes these factors as bases for extra commissions, and indeed the trustee concedes that this trust does not really involve extraordinary services, as that term is usually understood, Harry D. Livingston, Senior Vice-President of trustee in charge of trust administration, admitted specifically that, except for the volume, there was nothing unusual or different in the entries or in the handling of purchases and sales for this trust than in any other trust.

Nevertheless, there is unfairness, at least in the light of what is today required of a trustee, in refusing compensation for administering a 47 year trust while at the same time allowing it for administering another trust for a much shorter period, only because the trust *arose* under a later act. We therefore invite the Supreme Court to review this problem at the first opportunity, with special regard for the thoughts expressed by Mr. Justice (now Mr. Chief Justice) Bell in his concurring opinion in Williamson Estate, 368 Pa. 343, where, at page 360, he said:

". . . All of the decided cases can be harmonized with Section 45 and can be justified by reference and adherence to the (hereinabove-mentioned and) well established rule that trustee is not entitled to any fixed or established rate of percentage or to any fixed or specific amount of compensation but he is entitled to *fair or reasonable and just compensation* for his services 'and this is necessarily to be determined by the facts and circumstances of each case': . . . If the initial compensation was (because of unforeseeable circumstances) not reasonable and just, why is not the trustee entitled to additional compensation in order to make his total compensation *reasonable and*

*just?* This would not run afoul of Section 45—it would be merely a payment of fair and just compensation in two or more installments. . . ."

The exceptions to the adjudication are dismissed.