388 A.2d 1029

In the Matter of the Inter Vivos Trust of Allen Z. RITZMAN.

Appeal of DAUPHIN DEPOSIT TRUST COMPANY (now Dauphin Deposit Bank & Trust Company), Trustee.

Supreme Court of Pennsylvania.

Argued May 23, 1978.

Decided July 14, 1978.

476

William J. Madden, Jr., Harrisburg, for appellant.

Patricia M. Jasper, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Dauphin Deposit Bank & Trust Company, serves as trustee of a perpetual charitable trust pursuant to an inter vivos trust agreement entered into by a predecessor of appellant and Allen Z. Ritzman, who was the settlor of the trust. The trust agreement provided life estates for the settlor's wife and daughter. The agreement further provided that after the death of both life tenants the net income of the trust was to be paid annually in specified percentages to various charities. The agreement contained the following clause concerning the trustee's compensation:

"The Trustee shall be compensated for its services under this Agreement by receiving or retaining five (5%) per centum of the gross income from the investments in this Trust Fund."

One life beneficiary died in 1959, and the other in 1963. In 1976 appellant filed its second and partial account. The account showed payment to the appellant of commissions out of income of $3,368.44, representing 5% of the trust's gross income of $67,901.82. This compensation, paid pursuant to the trust agreement, was not contested and no issue is before us concerning this payment.

In addition to the 5% commission, however, the account reserved for payment *from principal* the sum of $2,412.50 as additional trustee's fees and $750.00 for attorney's fees. This additional fee represented 2½% of the trust principal of $96,500.00.

A copy of the account was submitted to the Attorney General of the Commonwealth of Pennsylvania, who filed objections. The trial court sustained the attorney general's objections to payment of the additional 2½% trustee's commission from principal. As to the attorney's fees the trial court, although allowing the fees, ordered that the fees be paid from the income of the trust and not from principal. This appeal followed.

The appellant contends that (1) the trial court erred in holding that in the absence of unusual circumstances the trustee was not entitled to any commission above that provided for in the trust agreement which in this case is 5% of the gross income; (2) the trial court erred in holding that Pennsylvania law precludes payment of interim trustee's commissions from the principal of a perpetual charitable trust except in unusual circumstances; and (3) the trial court erred in holding that Pennsylvania law precludes payment of attorney's fees from the principal of a perpetual charitable trust except in unusual circumstances.

Appellant argues that regardless of the clause in the trust agreement specifying its fee, and regardless of whether or not the trust is a perpetual charitable trust, under the case law and the statutory law of Pennsylvania, it is entitled to fair and full compensation for the services which it has rendered as trustee. Appellant has presented a comprehensive review of both case law and statutory law in support of its position. We conclude, however, that the record in this case does not call for a resolution of the legal issues raised by the appellant.

The entire thrust of appellant's arguments is that it is entitled to fair and full compensation for its services. Yet, the record is completely lacking in any evidence on the

issue of whether the fee received by the trustee of 5% of gross income pursuant to the trust agreement is inadequate compensation. Appellant is, in effect, asking us to give an advisory opinion on whether it is entitled to additional fees, and whether these additional fees can be paid from principal, without any evidence that it has not been fairly and fully compensated for its services as trustee.

In its brief before this Court, appellant contends that the fee which it has received in this case (5% of the gross income) is less than the current rate being charged for administration of trusts. Even according to the numerous cases and statutory provisions relied on by the appellant, it would not be entitled to additional compensation simply because it is earning less than other trustees but only if it is not receiving fair and full compensation. It might be entitled to additional compensation, assuming there is merit in its legal position, if the compensation it receives is not a fair and full compensation for the services rendered. *See Estate of Thompson*, 426 Pa. 270, 232 A.2d 625 (1967); *Williamson Estate*, 368 Pa. 343, 82 A.2d 49 (1951).

We agree with appellee that appellant has failed to establish that it was not reasonably compensated. Under these circumstances, we decline to consider the legal issues which have been raised by the appellant.

The legal issue concerning the payment of the attorney's fees stands on a slightly different footing. The trial court allowed the attorney's fee, and in this appeal neither appellant nor appellee disputes the payment of attorney's fees. The only question concerning attorney fees raised by appellant is whether the trial court erred in ordering that the attorney's fee be paid from income rather than principal. The entire thrust of appellant's argument on this point is that the trial court had the authority to approve the payment *from principal* rather than income. Whether or not the trial court had such authority is irrelevant because in this appeal the appellant does not contend that the trial court lacked the authority to authorize the payment from *income*. Thus, the only possible argument which might

remain is that the trial court abused its discretion in ordering the attorney's fees to be paid from income rather than principal. Yet, appellant has not contended that the trial court abused its discretion and presents no facts which would indicate an abuse of discretion. On the contrary, we find no basis in this record for a conclusion that the payment should have been ordered from principal. The trial court reasoned that in order to prevent the dissipation of principal to the eventual detriment of the beneficiaries of the trust, payment from income is to be preferred over payment from principal in a perpetual trust where no termination fee is ever contemplated. Absent unusual circumstances—and appellant does not allege the existence of any unusual circumstances—we find no error in awarding attorney's fees from income rather than principal. Appellant has not established that its agreed upon compensation is inadequate, or that it was improper to award attorney's fees from income, there is therefore no reason to disturb the decree of the trial court.

Decree affirmed. Each party to pay own costs.

ROBERTS, J., filed a concurring opinion in which POMEROY and NIX, JJ., joined.

EAGEN, C. J., concurred in the result.

ROBERTS, Justice, concurring.

The majority affirms the decree of the orphans' court refusing trustee Dauphin Deposit Bank & Trust Company's request for payment of $2,400 of commissions on the principal of settlor Allen Ritzman's perpetual charitable trust. While I agree with the majority's result, I cannot agree with its reasoning.

Dauphin Deposit introduced evidence that its present fee of five per cent of trust income, as fixed by settlor's deed of trust, is less than the current rate charged for administration of trusts. This evidence, according to the majority, is insufficient proof that Dauphin Deposit "is not receiving fair and full compensation" and therefore will not support a claim on principal.

In *Breyer Estate*, 475 Pa. 108, 379 A.2d 1305 (1977), this Court unanimously upheld the orphans' court's exercise of discretion in awarding interim commissions where the trustee presented the very evidence Dauphin Deposit offered here and the opposing beneficiary offered no countervailing evidence. As in *Breyer*, I am not prepared to say that, as a matter of law, Dauphin Deposit's evidence of comparable fees is insufficient. Rather, this evidence could reasonably support Dauphin Deposit's claim. It is for the orphans' court, with years of experience in supervising the fund, and not for us, to determine if in these circumstances this evidence requires such an award.

A far more straightforward, sensible ground supports the decree of the orphans' court. The orphans' court, in disallowing Dauphin Deposit's request for commissions from principal, relied upon the "Taxis rule," that trustees of perpetual charitable trusts can draw from principal only if they demonstrate the existence of unusual or extraordinary circumstances. E. g., *Pender Estate*, 68 Pa.Dist. & Co.2d 265 (O.C.Div.Mont.1974). This rule restates the common law standard applicable to all trusts until 1953, when the Legislature enacted 20 Pa.C.S.A. § 7185 (1975), which directs orphans' courts to allow trustees "not . . . fully compensated . . . such original or additional compensation out of the trust income or the trust principal, or both, as may be necessary to compensate him for the services theretofore rendered," 20 Pa.C.S.A. § 7185(b), unless the settlor directs otherwise. 20 Pa.C.S.A. § 7185(c).[1]

1. 20 Pa.C.S.A. §§ 7185(b) & 7185(c) provide:
    "*Compensation*
    \*    \*    \*    \*    \*    \*
    (b) Allowed out of principal or income.—Neither the fact that a fiduciary's service has not ended nor the fact that the trust has not ended shall be a bar to the fiduciary's receiving compensation for his services out of the principal of the trust. Whenever it shall appear either during the continuance of a trust or at its end, that a fiduciary has rendered services for which he has not been fully compensated, the court having jurisdiction over his accounts, shall allow him such original or additional compensation out of the trust income or the trust principal or both, as may be necessary to compensate him for the services theretofore rendered by him. The

When it enacted Section 7185, the Legislature did not intend to disturb the common law limitation on interim commissions from perpetual charitable trusts. By using the language "[w]henever it shall appear either during the continuance of a trust *or at its end*" (emphasis added), the Legislature clearly contemplated that its modification of the common law rule extended only to trusts of a fixed duration. A contrary interpretation of 20 Pa.C.S.A. § 7185, permitting application to a perpetual charitable trust, would inevitably destroy the principal and hence the trust. The "Taxis rule" is a sound one upon which the orphans' court properly relied and which this Court should follow.

The majority also affirms that portion of the orphans' court decree directing Dauphin Deposit to pay attorneys' fees from trust income rather than principal. Again, though I agree with the majority's result, I cannot agree with its rationale. The majority finds that Dauphin Deposit has not demonstrated that the orphans' court, in deeming trust income rather than principal the source of payment, abused its discretion under 20 Pa.C.S.A. § 8111(b).[2] Dauphin Deposit is not, however, a proper party to take a position that counsel fees should be paid from principal rather than income. Rather, its sole responsibility as fiduciary in this respect is to comply with the decree of the orphans' court. Here, as to the source of payment of attorneys' fees, as in *Girt Estate*, 452 Pa. 156, 165 n. 7, 305 A.2d 372, 378 n. 7

provisions of this section shall apply to ordinary and extraordinary services alike.

(c) Compensation prescribed by will or other instrument.— Where the compensation of a fiduciary is expressly prescribed either by provisions of a will or deed of trust or other instrument under which he is acting or by provisions of an agreement between him and the creator of a trust, nothing in this section shall change in any way the rights of any party in interest or of the fiduciary."

We have held that trusts established before 1953 are subject to these sections. *Ehret Estate*, 427 Pa. 584, 235 A.2d 414 (1967).

**2.** 20 Pa.C.S.A. § 8111(b) provides:

"*Expenses; trust estates*

\* \* \* \* \* \*

(b) Trustees' compensation, compensation of assistants and court costs and attorneys' and other fees may be apportioned between income and principal as the court may direct."

(1973), "[t]he professional corporate fiduciary, having no estate interest whatsoever in the outcome of this litigation, should not have participated in this appeal."

For these reasons, I would affirm the decree of the orphans' court.

POMEROY and NIX, JJ., join in this concurring opinion.