388 A.2d 1033

**In the Matter of the ESTATE of Harry E. MEHRING, Deceased.**

**Appeal of DAUPHIN DEPOSIT TRUST COMPANY (now Dauphin Deposit Bank & Trust Company), Trustee.**

Supreme Court of Pennsylvania.

Argued May 23, 1978.

Decided July 14, 1978.

William J. Peters, William J. Madden, Jr., Harrisburg, for appellant.

Patricia M. Jasper, Harrisburg, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION

MANDERINO, Justice.

Appellant, Dauphin Deposit Bank & Trust Company serves as the trustee of a perpetual charitable trust established by the will dated May 15, 1967, of Harry E. Mehring. The trust is a perpetual charitable trust, the net income from which is paid in equal shares to four Pennsylvania charities.

On October 8, 1975 the trustee filed its first and partial account covering the period from June 19, 1972 to June 19, 1976. In that account the trustee reserved for itself a commission out of income of $1,798.40 representing approximately 6% of the trust's gross income of $30,081.15. In addition, the trustee reserved for payment from *principal* as a partial trustee's fee an additional sum of $1,350.00, and the sum of $675.00 for attorney's fees. The Attorney General of the Commonwealth of Pennsylvania filed exceptions to the account, contending that fees should not be paid from *principal* in the case of perpetual charitable trusts unless the

instrument creating the trust so provides, or unless facts indicating extraordinary problems in the administration of the trust are established. The attorney general contended that the trust instrument did not so provide and that no extraordinary problems in the administration of the trust were established.

The trial court sustained the attorney general's objection as to the allowance of the additional commission to be paid from the principal. The trial court also ordered the attorney's fee to be paid from income rather than principal. This appeal followed.

No issue was raised in the trial court, nor is any issue raised in this appeal, concerning the payment of the commission to the trustee out of income. The only issues raised by the appellant are whether the trial court erred in refusing to approve the payment of additional trustee's commissions from principal, and in ordering that attorney's fees be paid from income. There is no evidence in the record establishing that the compensation received by appellant was not fair and full compensation or that the trial court abused its discretion in ordering the attorney's fee to be paid out of income. For the reasons stated in *In the Matter of the Inter Vivos Trust of Allen v. Ritzman,* 479 Pa. 475, 388 A.2d 1029 (1978), we find no merit to the appellant's contentions.

Decree affirmed. Each party to pay own costs.

ROBERTS, J., filed a concurring opinion in which POMEROY and NIX, JJ., joined.

EAGEN, C. J., concurred in the result.

ROBERTS, Justice, concurring.

For the reasons set forth in my concurring opinion in *Ritzman Estate,* 479 Pa. 475, 388 A.2d 1029 (1978), I would affirm the decree of the orphans' court applying the "Taxis rule" and thus refusing Dauphin Deposit Bank & Trust Company commissions on the principal of settlor Harry Mehring's perpetual charitable trust.

POMEROY and NIX, JJ., join in this concurring opinion.