## Baker Estate

*Montgomery, McCracken, Walker & Rhoads*, by *C. Suzanne Buechner* and *S. Jonathan Emerson*, for accountants.

*Dechert, Price & Rhoads*, by *Paul William Putney* and *Louisa Smith Mygatt*, for corporate fiduciary.

*Lawrence Barth, Deputy Attorney General*, for Commonwealth.

TAXIS, J., September 29, 1978—Gertrude Bricker Baker died on June 27, 1973. By her will of

November 4, 1965, and codicils thereto, testatrix directed that the residue be held by her trustees, the net income to be paid to her husband, J. Norwood Baker, for his life with the remainder to a perpetual charitable trust. The individual trustee, John E. Forsythe, died on June 25, 1977, which was the occasion for the filing of the present account. In the account payments of principal commissions were claimed as follows: John E. Forsythe $739.80 and Girard Bank $3,625.24. The Pennsylvania Attorney General, as parens patriae, has raised objections to these charges allocated to principal. Girard Bank, as tustee, contends that the will permits the charging of commissions to principal and that testatrix contemplated such charges.

The principal commissions were claimed under article 7(6) of the will of testatrix. The pertinent provision of the will specifies: "(6) Compensation: The compensation of my corporate executor and trustee shall be in accordance with its schedule of fees in effect from time to time during the period over which its services are performed. The compensation of an individual executor and trustee shall be governed by agreement with my corporate trustee." These principal commissions were computed in accordance with the standard schedule of fees of the corporate fiduciary and by agreement between the corporate fiduciary and the individual fiduciary.

Testatrix's intention is clear for she provided simply that the corporate trustee's commissions were to be in accordance with its schedule in effect at the time the services were performed and that the individual trustee's commissions were to be governed by agreement of the corporate trustee. The language "in accordance with its schedule of

fees" suggests that testatrix contemplated not only that the amounts be set by the schedule but the manner of allocation of charges between principal and income as well. Furthermore, the will specifically refers to the schedule "in effect *from time to time* during the period over which its (Girard's) services are performed." (Emphasis supplied.) By such language testatrix indicate that she recognized that the corporate fiduciary's fee schedule would change periodically. Testatrix placed no qualification or restriction on the direction to use the schedule of fees.

The record established the schedules of fees in effect from April 1, 1964, until the current accounting.

The rule is that in the absence of a direction, interim corpus compensation to the trustees of a charitable trust is not allowed. See Fenstermacher Estate, 51 D. & C. 2d 701, 92 Montg. 324 (1969). Where, as here, testatrix authorizes the payment of interim commissions from principal, the same will be given effect. The direction in this will brings this case within the rule of Dolfinger Estate where this court allowed the payment of interim compensation out of corpus according to the direction of testator: 18 Fiduc. Rep. 275, 45 D. & C. 2d 404 (1968). Commissions requested are therefore proper and are herewith allowed.

Cases cited by the Attorney General are inapposite. They are cases where the will contains no direction with regard to charging interim commissions. See Pender Estate, 68 D. & C. 2d 265 (1974); Fenstermacher Estate, supra. Recent Supreme Court decisions have failed to reach and resolve the issue because not so required by the record. See Mehring Estate, 479 Pa. 482, 388 A. 2d 1033

(1978); In re Ritzman, 479 Pa. 475, 388 A. 2d 1029 (1978).

. . .

And now, September 29, 1978, this adjudication is confirmed nisi.